IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATALIE T., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 21 C 1908 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | ) ) Magistrate Judge Finnegan ) ) |
|     Defendant. | ) ) |

## ORDER

Plaintiff Natalie T. seeks to overturn the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for Disabled Adult Child ("DAC") benefits under Title II of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and Plaintiff filed a brief explaining why the Commissioner's decision should be reversed or the case remanded. The Commissioner responded with a competing brief in support of affirming the decision. After careful review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

## BACKGROUND

Plaintiff protectively applied for DAC benefits on April 12, 2019, alleging that she has been disabled since her birth on October 26, 1994 due to autism. (R. 195, 213). In order to be approved for benefits, Plaintiff must establish that her disability began before she turned 22 on October 26, 2016. (R. 195); 20 C.F.R. § 404.350(a)(5). Plaintiff lives

---

[1]     Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

in a house with her mother, father, and younger sister. (R. 44). She was evaluated for developmental delays at age 3 and, based on the test results, was placed in an Early Childhood Program where she received small-group instruction, speech/language therapy, and occupational therapy through 5th grade. (R. 479). As a result of behavior and attention problems, Plaintiff was home schooled for grades 6 through 8, then enrolled in a public high school where she attended regular education classes with the assistance of an Individualized Education Program ("IEP") and an aide. (R. 247-336). To help with her autism, speech, and language problems, Plaintiff was accommodated with extra breaks, removal to a quiet room if the classroom became too loud, extra guidance with organization and assignments, extra time to complete tasks, and assistance with pacing and timing. (R. 249-50, 252, 273, 284, 297, 301, 306, 308, 317, 321, 335). Though the school offered to place Plaintiff in a transition program after she graduated (R. 265-66), her parents declined. Since getting her diploma, Plaintiff has not pursued further education or engaged in any employment.

The Social Security Administration denied Plaintiff's applications initially on August 29, 2019, and again upon reconsideration on January 2, 2020. (R. 77-91). Plaintiff filed a timely request for a hearing and appeared before administrative law judge Deborah M. Giesen (the "ALJ") on October 7, 2020.[2] (R. 35). The ALJ heard testimony from Plaintiff, who was represented by counsel, from Plaintiff's mother, and from vocational expert Michael A. Klein, Ph.D. (the "VE"). (R. 37-76). On October 30, 2020, the ALJ found that prior to age 22, Plaintiff's autism spectrum disorder, borderline intellectual functioning, learning disorder, and anxiety disorder were severe impairments, but that they did not

---

[2]   The hearing was held telephonically due to the COVID-19 pandemic.

2

alone or in combination meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-22).

After reviewing the evidence, the ALJ concluded that before Plaintiff turned 22, she had the residual functional capacity ("RFC") to perform work at all exertional levels with only occasional stooping and crouching, and with a variety of mental limitations. (R. 22-27). The ALJ accepted the VE's testimony that a person with Plaintiff's background and the stated RFC could perform a significant number of jobs available in the national economy, including cleaner, marker, and bagger. (R. 27-28). As a result, the ALJ concluded that Plaintiff was not disabled at any time prior to age 22 and so was not entitled to DAC benefits. (R. 28). The Appeals Council denied Plaintiff's request for review on February 3, 2021. (R. 1-6). That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. §§ 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, Plaintiff argues that the ALJ: (1) erred in evaluating the opinion evidence of record; (2) made a flawed mental RFC assessment that did not properly account for her moderate limitations in concentration, persistence, or pace; and (3) erred in discrediting subjective statements made regarding her symptoms.[3] For reasons discussed in this opinion, the Court finds that the case must be remanded for further consideration of Plaintiff's mental RFC.

---

[3] In her opening brief, Plaintiff also asserted a constitutional challenge to the ALJ's decision but "concede[d] the argument" in her reply brief. (Doc. 21, at 8).

3

## **DISCUSSION**

**A.     Standard of Review**

As noted, to qualify for DAC benefits, a claimant who is over the age of 18 must have a disability which began before she reached the age of 22.  20 C.F.R. § 404.350(a)(5).  A claimant is disabled if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505(a).  "The usual [five-step] sequential analysis applies."  *Alexandra A. S. v. Comm'r of Soc. Sec.*, No. 3:19-CV-01074-GCS, 2020 WL 5705954, at *1 (S.D. Ill. Sept. 24, 2020).  In determining whether a claimant suffers from a disability, an ALJ must analyze: "(1) whether the claimant is currently employed; (2) whether [the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy."  *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing (citing 20 C.F.R. § 404.1520(a)-(g)).  If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five.  *Id*.

As always, in reviewing an ALJ's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner."  *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)).  *See also L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1151-52 (7th Cir. 2019).  The Court "will uphold the ALJ's

4

decision if it uses the correct legal standards, is supported by substantial evidence, and build[s] an accurate and logical bridge from the evidence to [the ALJ's] conclusion." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). When the ALJ's decision "'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

**B. Analysis**

    **1. Mental RFC Determination**

Plaintiff argues that the case must be reversed or remanded because the RFC fails to adequately account for her moderate mental limitations, including in concentration, persistence, or pace ("CPP"). A claimant's RFC is the maximum work that she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Anna-Marie L. v. Kijakazi*, No. 21 C 50354, 2022 WL 4610120, at *2 (N.D. Ill. Sept. 30, 2022) (quoting *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012)). "Both the RFC assessment and the hypothetical question posed to the [VE] must include all of a claimant's limitations supported by the medical record," including "temperamental deficiencies and limitations in" CPP. *Joshua J. H. v. Kijakazi*, No. 21 C 837, 2022 WL 2905673, at *2 (N.D. Ill. July

5

22, 2022); *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019); *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018); *Lanigan v. Berryhill*, 865 F.3d 558, 563, 565 (7th Cir. 2017).

At step two, the ALJ determined that Plaintiff has at all relevant times suffered from moderate limitations in CPP, adapting or managing herself, and understanding, remembering or applying information. (R. 19-20). The ALJ concluded that notwithstanding these limitations, Plaintiff is capable of performing simple, routine, repetitive tasks involving simple work-related decisions that do not require a fast production rate pace or strict production quotas. She is also limited to low stress work where changes in the work routine are infrequent. Though Plaintiff can handle occasional interaction with coworkers, she cannot have any interaction with the public. Finally, Plaintiff needs to work in an environment with quiet to moderate noise levels, and can tolerate no more light/brightness than that afforded by indoor ambient lighting. (R. 22).

In reaching this conclusion, the ALJ did not rely on any medical opinions of record, all of which she found unpersuasive. On August 26, 2019, Donna Hudspeth, Psy.D., determined that there was insufficient evidence to substantiate the presence of any mental disorder (R. 80), and Richard J. Hamersma, Ph.D., affirmed that assessment on December 23, 2019. (R. 90). The ALJ disagreed and found that Plaintiff has specific mental disorders that cause moderate functional limitations. (R. 27). In September 2019, Lori G. Tall, Psy.D., administered a series of four neuropsychological tests to "provide a better understanding of [Plaintiff's] strengths and weaknesses, and provide [her] with some guidance on specific services and interventions available to her in order to promote independence." (R. 478). Based on the test results, Dr. Tall determined that Plaintiff has:

variability in her ability to maintain attention, vigilance, and concentration; inconsistent speed of processing, which interferes with vigilance; and difficulty with short-term memory. (R. 481). She frequently experiences moodiness, angry episodes, and anxiety, and functions at the age equivalency of a six-year-old, meaning she requires "a significant amount of support to function, adapt, and cope with the increasing demands of adulthood." (R. 486-87).

In Dr. Tall's view, Plaintiff's impairments in cognitive functioning, receptive and expressive language abilities, academic abilities, new learning and memory, processing speed, attention/concentration, executive functioning, and adaptive functioning demonstrate that she "will require support for the rest of her life in order to navigate the world and function to her potential." (R. 487). In addition, Plaintiff's "weak coping skills likely create behaviors that are impulsive and inappropriate in her attempt to cope with the anxiety that she feels." (R. 488). Dr. Tall opined that Plaintiff "is unable to truly function independently" and is "essentially unemployable." (*Id.*). On June 25, 2020, Maricela Mallory, Psy.D., agreed that "[b]ased on historical data, the level of progress in response to various interventions, and [Plaintiff's] current level of cognitive function, it is my opinion that psychotherapy will not be sufficient to help [Plaintiff] reach a level of function that will allow her to secure adequate employment." (R. 755).

Plaintiff argues that by rejecting all of these opinions, some of which show significant deficits in executive functioning, problem solving, and processing, the ALJ created an evidentiary deficit that she improperly filled with her own lay assessment. (Doc. 13, at 11-12). The Court agrees. The Seventh Circuit has "'repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited

7

interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.'" *DeCamp*, 916 F.3d at 676 (quoting *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014)). As the court explained, "someone with problems concentrating might not be able to complete a task consistently over the course of a workday, no matter how simple it may be." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). Though an ALJ is not required to use "specific terminology" in addressing CPP, any alternative phrasing must "specifically exclude[] those tasks that someone with the claimant's limitations would be unable to perform." *Recha v. Saul*, 843 F. App'x 1, 4 (7th Cir. 2021) (quoting *Moreno*, 882 F.3d at 730).

Here, the ALJ failed to adequately link the restriction to "simple, routine, repetitive tasks involving simple work-related decisions not at a fast production rate pace" with Plaintiff's moderate limitations in CPP. The ALJ noted that Plaintiff's IEP did not document any problems with self-care, and that Dr. Tall reported appropriate eye contact with no unusual behaviors in September 2019. (R. 26). But the ALJ does not articulate how these findings relate to concentration, persistence, or pace, and no physician of record endorsed the restrictions set forth in the RFC. *Compare Recha*, 843 F. App'x at 3-4 (no error where two agency doctors "recommended only the types of restrictions the ALJ ultimately included in the RFC determination."); *Lockett v. Saul*, 834 F. App'x 236, 239 (7th Cir. 2020) (no error where the ALJ relied on medical expert testimony that the plaintiff could perform in a "simple, repetitive, routine work environment."); *Urbanek v. Saul*, 796 F. App'x 910, 914 (7th Cir. 2019) (ALJ appropriately relied on medical expert testimony that despite having moderate limitations in CPP, the plaintiff's concentration was sufficient to complete simple routine tasks); *Jozefyk v. Berryhill*, 923 F.3d 492, 498

8

(7th Cir. 2019) (no error where agency doctor opined that the plaintiff's moderate limitations in CPP manifested only in social settings and the ALJ restricted him to "routine tasks and limited interactions with others.").

The Commissioner does not address this case law but suggests that the RFC is supported by Dr. Mallory's June 2020 examination, which showed coherent thought processes, no hallucinations, fluent speech, an ability to complete serial 7s, intact recent and remote memory, an ability to perform simple calculations, and intact cognitive functions. (Doc. 20, at 13-14; R. 774). Again, without medical input, it is not clear how these findings translate into an RFC for simple work with no production quotas. *See Theresa M. v. Kijakazi*, No. 20 C 481, 2022 WL 4552093, at *4 (N.D. Ill. Sept. 29, 2022) (quoting *Garcia v. Colvin*, 741 F.3d 758, 762 (7th Cir. 2013)) (remand required where "[n]o physician testified–no medical records [re]vealed–that [plaintiff] has the residual functional capacity ascribed to h[er] by the administrative law judge."). Also missing is any explanation for why the ALJ concluded that interacting with coworkers and the public "would add a layer of stress that could exacerbate [Plaintiff's] symptoms," (R. 26), but the same is not true of supervisors. "[A]n ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge*, 984 F.3d at 1233). The ALJ failed to say enough here. *See Glover v. Berryhill*, No. 16 C 5607, 2017 WL 2506411, at *7 (N.D. Ill. June 9, 2017) (limiting an individual to "simple, routine, and repetitive tasks free of fast-paced production rate requirements, and occasional interaction with others" did not adequately account for the claimant's moderate limitations in concentration and persistence).

9

The Court offers no opinion as to the extent and limiting effects of Plaintiff's moderate mental limitations. Viewing the record as a whole, however, the ALJ failed to provide adequate support for her RFC determination and the case must be remanded for further consideration of this issue.

**2.  Remaining Arguments**

Having determined that remand is appropriate, the Court makes no finding of specific error as to Plaintiff's remaining arguments. However, the ALJ should take the opportunity on remand to review the opinion and testimonial evidence of record as appropriate.

## CONCLUSION

For reasons stated above, Plaintiff's request to remand the case is granted, and Defendant's Motion for Summary Judgment is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

ENTER:

Dated: July 14, 2023

SHEILA FINNEGAN
United States Magistrate Judge